UNITED STATES DISTRICT COURT
Eastern District of Virginia – Alexandria Division



MATTHEW A. LeFANDE

    Plaintiff,

v.

UNITED STATES OF AMERICA
BUREAU OF ALCOHOL, TOBACCO,
FIREARMS AND EXPLOSIVES

    Defendant.

Case No.
1:24-CV-2311 (RDA-LRV)

**RULE 72 OBJECTIONS
ON ORDER REGARDING MOTIONS TO SEAL
OPPOSITION AND REPLY TO MOTION TO DISMISS**

The parties respectively tendered an Opposition and Reply to the Defendant's Motion to Dismiss. The parties further moved to seal documents and Exhibits in support. Neither party opposed the other Party's Motion. Nonetheless, the magistrate judge has denied both Motions and offered no opportunity to remediate any claimed deficiency in the Motions. ECF # 19.

LeFande remains under a nearly continuous onslaught of malicious, fraudulent and defamatory actions by the Defendants in *LeFande v. Blocker*, 1:25-cv-00054 (RDA-WEF). LeFande has properly endeavored, without objection from the United States Attorney, to protect himself, the government and the public from further frauds by not publicly disclosing the mistakes made by the *Blocker* Defendants in their false claims to control LeFande's non-profit corporation. The magistrate judge's decision failed to address any of the argument for non-disclosure of documents, including a valid current

1

Federal Firearms License and the patently defamatory letter in Plaintiff's Exhibit AA, or LeFande's obvious need to not facilitate the crimes of the *Blocker* Defendants while these are investigated by government authorities.

By the magistrate judge's intentional frustration of Rule 72, the Clerk was directed to immediately unseal all of these documents and they are now in possession of the *Blocker* Defendants. The damage is done and cannot be remediated. LeFande has yet to be served with a copy of the Order by any means.[1]

## OBJECTIONS

1.  The appropriate remedy for any procedural defect by either Party in these filings would have been to address and correct the defect, not punish LeFande and facilitate the crimes of the *Blocker* Defendants.

2.  The magistrate judge failed to substantively address the sensitivity of any of the documents tendered by LeFande in support of his Opposition.

3.  Documents tendered in response to a Rule 12 challenge to jurisdiction of the court remain outside of any First Amendment protection necessitating paring the redactions to a bare minimum.

The court will not disturb a magistrate judge's ruling on non-dispositive pre-trial matters, unless the ruling was "clearly erroneous or is contrary to law." 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a). The ATF's Privacy Act production to LeFande, requested March 22, 2024 but made for the first time on March 3, 2025, vividly details

---

[1] This court's Local Rules prohibit LeFande from participating in ECF.

the fraud perpetrated upon the ATF by the Defendants in the *Blocker* case. Despite the extensive redactions in the documents LeFande is able to amply demonstrate the close temporal relationship between his assault by Jona Blocker on or about September 13, 2023, his obtaining of a temporary domestic protection order against her and her immediate efforts immediately thereafter to fraudulently commandeer a corporation LeFande had founded two decades ago.

The fact pattern and Exhibits in support contained within the Opposition provided a clear roadmap for government investigators to interrogate and prosecute the *Blocker* defendants for mail fraud, wire fraud, false statements to government officials and trespass upon government computer systems. The Magistrate Judge has now directed the disclosure of all of this information without giving the Plaintiff any opportunity to address the Order under Rule 72. The public disclosure of this information now facilitates the Defendants' destruction of relevant evidence and the coordination between the Defendants of false statements to obstruct the investigation. The *Blocker* Defendants have already begun distributing Plaintiff's Exhibit AA to LeFande's business associates and friends, causing him otherwise completely avoidable irreparable harm. Likewise, any criminal investigation has been obviously compromised by these disclosures.

Given the intentionally engineered futility of the situation, the Plaintiff waives a hearing on these Objections.

3

Respectfully submitted this 21st day of April, 2025.

_____
Matthew August LeFande
Box 22
Midland VA 22728
(703) 879-3014
matt@lefande.com
Plaintiff

## L.R. 83.1 (N)(2) CERTIFICATE

I declare under penalty of perjury that no attorney has prepared, or assisted in the preparation of this document.

_____
Matthew A. LeFande

CERTIFICATE OF SERVICE

I hereby certify that I served a true and complete copy of the foregoing Objections to the Defendant's counsel at the address below via United States Postal Service Priority Mail, postage prepaid and electronic delivery notification requested, article number 9405 5361 0619 3275 0482 95, this 21st day of April, 2025.

Raul A. Ruiz
Assistant United States Attorney
Office of the United States Attorney
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria VA 22314

_____
Matthew LeFande